United States District Court
Southern District of Texas
**ENTERED**
March 20, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LAYNE ALAN DEROUEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00292 |
| | § | |
| ARANSAS COUNTY DETENTION | § | |
| CENTER, *et al*., | § | |
| | § | |
| Defendants. | | |

### MEMORANDUM AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Layne Alan DeRouen, a prisoner appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c);[1] 28 U.S.C. §§ 1915(e)(2), 1915A. For purposes of screening and pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned recommends that Plaintiff's § 1983 claim against Officer Cox in his individual capacity be **RETAINED**, and that Plaintiff's § 1983 claims relating to all other defendants be **DISMISSED with prejudice** as frivolous and for failure to state a claim upon which relief may be granted.

### A. *Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

---

[1] Under this provision, "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2).

### B. *Proceedings.*

At the time of the alleged incidents, Plaintiff was a pre-trial detainee housed in the Aransas County Detention Center in Rockport, Texas.  *See* Sophia Englehart, *Aransas County Man Sentenced to Life in Prison for Attempting to Light a Man on Fire*, KRIS 6 News, Jan. 20, 2023 at 6:57 p.m., https://www.kristv.com/news/local-news/aransas-county-man-sentenced-to-life-in-prison-for-attempting-to-light-a-man-on-fire (reflecting that Plaintiff was charged in June 2022 and sentenced in January 2023).  This facility lies within the Corpus Christi Division of the Southern District of Texas.  *See* 28 U.S.C. § 124(b)(6).  Plaintiff currently resides in the Texas Department of Criminal Justice-Correctional Institutions Division's James "Jay" H. Byrd Unit, located in Huntsville, Texas.  (Doc. No. 18.)

Plaintiff filed this action on December 9, 2022.  (Doc. No. 1.)  After granting Plaintiff leave to proceed *in forma pauperis*, *see* Doc. No. 6, the Court directed Plaintiff to provide a more definite statement explaining his claims.  (Doc. No. 7.)  Liberally construed, Plaintiff alleges five main claims: (1) sexual assault; (2) failure to respond to grievances and legal mail; (3) failure to intervene; (4) retaliation; and (5) failure to investigate.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  After responding to the Court's order for more definite statement, Plaintiff filed a letter complaining of alleged breaches of confidentiality by his counsel, apparently in his state criminal case.  (Doc. No. 17.)  As Plaintiff's claims in that filing arise from incidents allegedly occurring in December 2022 and January 2023, and are unrelated to the main claims asserted in the complaint and more definite statement, the undersigned declines to add them to this lawsuit— they must be brought in a separate action.  No process has been issued in this case.  The undersigned is satisfied that Plaintiff has pleaded his best case.  The case is now ripe for screening.

### 1.  *Allegation 1: August 13 sexual assault.*

Plaintiff alleges that on August 13, 2022, while Plaintiff was in his bunk bed, Officer Cox grabbed his arm to wake him up, which Plaintiff deems to be physical abuse.  (Doc. No. 13, p. 1.)  Plaintiff does not contend that he suffered any injury.  Plaintiff also claims that on that same night, Officer Cox poked him in the anus until he woke up and grabbed his anus and buttocks while he slept.  *Id*. at 1-2.  Plaintiff claims that Officer Smith witnessed this incident but did not intervene.  *Id*. at 2.  Plaintiff claims to have "mental anguish" from this incident.  *Id*. at 1.

### 2.  *Allegation 2: August 22 sexual assault.*

Plaintiff next alleges that on August 22, 2022 at around 6:00 p.m., Officer Cox poked him in the anus with a clipboard.  (Doc. No. 14, pp. 1-2.)  "[T]his Action proved to me that Officer Cox was personally sexually assaulting me knowingly and taunting me on purpose."  *Id*. (cleaned up).  Allegedly, Officer Mendoza, Mark Dishman,[2] Landon Rank,[3] and unspecified "others" witnessed the incident, and cameras in the prison captured the incident on film.  *Id*. at 2. Plaintiff alleges that after Mark Dishman saw the incident, he told Plaintiff to call the "PREA."[4] *Id*.

On August 23, 2022 at approximately 8:00 p.m., Plaintiff watched Officer Cox poke Mark Dishman in the anus until Dishman yelled "stop!"  (Doc. No. 14, p. 2.)  Plaintiff believes witnessing another prisoner being poked in the anus proves that Officer Cox was intentionally sexually assaulting him.  *Id*.  Plaintiff claims that he has difficulty sleeping, because he has

---

[2]  Plaintiff does not specify who Mark Dishman is, but the undersigned believes Dishman to be another inmate.

[3]  Plaintiff does not specify who Landon Rank is.  He is not listed as a defendant in this case.  He might be another inmate.

[4]  "PREA" stands for the Prison Rape Elimination Act, 42 U.S.C. §§ 15601, *et seq.*

nightmares of this assault, of Officer Cox passing Plaintiff his food, and of Officer Cox waking

him up.  *Id*.  In connection to this incident, Plaintiff says he wrote to Chief Chapa, Sergeant

Cooper, internal affairs, an ombudsman, and "AAA of Alamo."  *Id*.

### 3. Allegation 3: Failure to respond to letters and grievances.

Plaintiff alleges that in relation to the August 13, 2022 sexual assault incident, Plaintiff

wrote an unspecified request and three grievances to Sheriff Mills.  (Doc. No. 13, p. 2.)  Plaintiff

said that Sheriff Mills and staff never answered any of his grievances or request forms.  *Id*.  He

asserts that because his "mail" was not read within 90 days, the defendants committed gross

negligence.  *Id*.  Allegedly, on August 13, 2022, Officer Ridick signed off on and delivered two

of the grievances to Chief Chapa's box.  *Id*. at 3.  According to Plaintiff, one of the grievances

was about the alleged sexual assault incident on August 13, 2022 and the other was about Officer

Ridick[5] not letting Plaintiff speak to a sergeant.  *Id*.  Allegedly, Officer Ridick said that no

sergeant would talk to Plaintiff and that he should just describe the incident in a grievance.  *Id*.

Plaintiff allegedly told Officer Ridick everything about the assaults.  *Id*.

Plaintiff claims that Chief Chapa was grossly negligent by refusing to answer any of the

grievances Plaintiff sent to him every 15 days.  (Doc. No. 13, p. 3; Doc. No. 14, p. 4.)

Specifically, Plaintiff explains that Chief Chapa is the grievance officer at the Aransas County

Detention Center, whose policy allegedly is to answer all complaints within 15 days.  (Doc. No.

13, p. 3.)  According to Plaintiff, several officers delivered or signed off on the grievances.  *Id*.

Plaintiff asserts that he submitted seven grievances to Chief Chapa, stating:

> 1st one delivered by Ridick for refusing me a Sgt on 8-13-22 about an assault.  I
> reported the crime on phone message #8 dial.  2nd grievance delivered by Ridick
> she swears she put them in Chief Chappas box! 3rd grievance given to Rosemond.

---

[5] Plaintiff does not list Officer Ridick as a defendant and does not otherwise attempt to join him in this lawsuit.

> 4th and 5th delivered by Mendoza. 6th & 7th delivered to Chappa and Bill Mills
> via Mendoza.  Mendoza signed them and promised they will be delivered, [and
> they were delivered.]

*Id*. (cleaned up).

Plaintiff makes a similar claim against Lieutenant Martinez, claiming that he failed to respond to any of his requests about the sexual assault incident, and left Plaintiff with physical, emotional, and mental harm.  (Doc. No. 14, p. 5.)

Further, Plaintiff alleges that the defendants' failure to respond to any of his complaints about the August 22 incident "tortured him for over 90 days."  (Doc. No. 14, p. 3 (cleaned up).) Plaintiff asserts that Sheriff Mills and his employees caused harm to him by not answering him or his letters and grievances, even after verbally telling Sergeant Cooper,[6] Corporal Ureas, Officer Ridick, and "the PREA" of the incidents.  *Id*.  According to Plaintiff, Sheriff Mills was also grossly negligent by "ensuring" that none of Plaintiff's letters and eight grievances were responded to.  *Id*.

Plaintiff next reiterates the number of grievances he sent (although this time claiming to have submitted 12 rather than seven), stating that he notified the Aransas County Detention Center about the August 22 sexual assault over 12 grievances, gave a "verbal notification" to Sergeant Cooper and Corporal Ureas, delivered five grievances to Chief Chapa and Sheriff Mills, and, after segregation, that he sent more grievances to Officer Art,[7] David K.,[8] and Lieutenant Martinez.[9]  (Doc. No. 14, p. 7.)  Plaintiff claims that he never received a response to any of these

---

[6]  Sergeant Cooper is not named as a defendant in this case.

[7]  Plaintiff does not specify who Officer Art is, and he does not include him as a defendant in this action.

[8]  Plaintiff does not specify who David K. is, and he does not seek to add him as a defendant in this action.  Plaintiff does state that David K. is a "22 yr Plus Aransas County Employee."  (Doc. No. 14, p. 6.)

[9]  Plaintiff also lists that he wrote "the PREA" in Washington, D.C., the U.S. Department of Health & Human

alleged correspondences.  *Id*.  The undersigned liberally construes Plaintiff's allegation as a claim for failure to respond against the Aransas County Detention Center, Sheriff Mills, Chief Chapa, Lieutenant Martinez, and Corporal Ureas.  The undersigned liberally construes Plaintiff's claims against Sheriff Mills, Chief Chapa, Lieutenant Martinez, and Corporal Ureas as being in both their official and individual capacities.  *Cf. Duncan v. Farren*, No. 2:11-CV-194-J, 2012 WL 811518, at *3 n.2 (N.D. Tex. Mar. 12, 2012) (noting where it is unclear whether the plaintiff sues defendants in their official or individual capacities, a court may address both capacities).

### 4.  *Allegation 4: Failure to intervene.*

Plaintiff claims that Officer Smith witnessed the August 13 incident but did not intervene. (Doc. No. 13, p. 2.)  Plaintiff also claims that Officer Mendoza, Landon Rank, and unspecified "others" watched the August 22 incident and did not do anything about it, despite the fact that the cameras in the prison apparently captured the incident.  (Doc. No. 14, p. 2.)  Plaintiff has not included Officer Smith or Officer Mendoza as defendants.

### 5.  *Allegation 5: Retaliation for reporting sexual assault.*

Plaintiff claims that he was put in administrative segregation for ten days, in retaliation for claiming that correctional officers were grabbing his buttocks.  (Doc. No. 15, p. 1.)  Plaintiff alleges that in relation to the August 13, 2022 sexual assault incident, Plaintiff wrote an unspecified request and three grievances to Sheriff Mills.  (Doc. No. 13, p. 2.)  Plaintiff claims that his grievance submitted on September 1, 2022 "got me put in D-7 Ad-seg Lockup . . . . Putting me in D-7 Proves My Request & Grievance was Read by Sgts, Lts, Chiefs, & Sheriffs." *Id*.  Plaintiff also claims that his grievances to Chief Chapa described his assault in detail, but

---

Services, the Office of Civil Rights' regional office, and "the internal affairs" in Houston.  (Doc. No. 14, p. 7.) None of these organizations or offices are named as defendants in this suit.

that Plaintiff never got a response to his grievances and was "placed in D-7 lockup for punishment" for his complaints.  *Id*. at 3.  Although at times vague about who put Plaintiff in administrative segregation, Plaintiff states at one point that Chief Chapa put him in administrative segregation and said that Plaintiff was crazy.  (Doc. No. 14, p. 4.)  Because Plaintiff mentions the Aransas County Detention Center, Sheriff Mills, and Chief Chapa in relation to being placed in administrative segregation, the undersigned liberally construes Plaintiff's allegations to be a retaliation claim against these three defendants, with the claims against Sheriff Mills and Chief Chapa being in their official and individual capacities.

### 6. Allegation 6: Failure to investigate.

Plaintiff alleges that Sheriff Mills, Chief Chapa, Lieutenant Martinez, and Corporal Ureas each knew about Officer Cox's alleged assaults of Plaintiff yet failed to investigate Officer Cox for wrongdoing.  (Doc. No. 14, p. 7.)  The undersigned liberally construes this allegation as a failure to investigate claim against these listed defendants, in their official and individual capacities.

### 7. Requested relief.

As relief, Plaintiff seeks to have each Defendant criminally prosecuted.  He also requests monetary compensation in the amount of $3.5 million for mail tampering, negligence, sexual assault, and physical, mental, and emotional pain and suffering.  (Doc. No. 13, p. 8; Doc. No. 14, pp. 7-8.)

## C.  Governing law.

### 1. Legal standard for screening of Plaintiff's action.

This case is still in the screening stage.  No service of process has occurred.  When a prisoner seeks to proceed *in forma pauperis*, the Court evaluates the complaint and dismisses it

without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).  A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim."  *Id.* (citations omitted).  "[U]nless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint," the Court should not dismiss the claim.  *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of his legal conclusions that give rise to a reasonable inference that the defendant is liable.  *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief above the level of mere

speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

### 2. *Relevant law regarding 42 U.S.C. § 1983.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he or she misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under § 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

A supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011). "A policy is normally an official statement, ordinance, or regulation, but in certain circumstances a persistent, widespread practice that is so commonplace as to constitute a custom can also be treated as policy." *McNeil v. Caruso*, No. 17-01688, 2019 WL 1435831, at *2 (M.D. La. Mar. 28, 2019) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)).

As discussed below, some of Plaintiff's allegations are liberally construed as claims against Aransas County itself. Counties may be held liable under § 1983, but a municipality cannot be held vicariously liable for its employees' actions under a theory of *respondeat superior*. *Id*. (citations omitted). A local government entity can be held liable under § 1983 only for constitutional harms that are directly attributable to the governmental entity itself. *See Bailey v. City of San Antonio*, No. SA-20-CV-00466-XR, 2023 WL 2147700, at *18 (W.D. Tex. Feb. 17, 2023) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). To successfully establish municipal liability under § 1983, a plaintiff must identify "(1) an official policy (or custom), of which, (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *see also Monell*, 436 U.S. at 694.

The first element for municipal liability, an official policy or custom, is defined as either a "policy, statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority" or a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). The second element is actual or constructive knowledge of such custom attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority. *Id.* To satisfy the third element, a plaintiff must show that a constitutional violation occurred, that the municipal action was taken with the requisite degree of culpability, and a direct causal link

between the municipal action and the deprivation of federal rights. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

In this case, Plaintiff's liberally construed municipal liability claims run aground for a variety of reasons. Primarily, he fails to plausibly allege that any constitutional violation occurred. Plaintiff also fails to show that any violation resulted from any official policy or custom.

### D. The Court cannot grant Plaintiff's requested relief of prosecution of the individual defendants.

As a threshold matter, Plaintiff's requested relief of criminal prosecution of the individual defendants is unavailable. There is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Numerous courts have held that the relief Plaintiff seeks is simply not available in a § 1983 civil rights case. *E.g.*, *Nelson v. State of Virginia*, No. 7:16CV00055, 2016 WL 3963242, at *2 (W.D. Va. July 21, 2016) (no legal basis for court to order criminal investigation or charges against state officials); *Williams v. Davis*, No. 3:09-CV-0296-B, 2009 WL 928318, at *2 (N.D. Tex. Apr. 6, 2009) ("to the extent Plaintiff seeks to criminally prosecute someone, such relief is not available in a § 1983 civil rights action") (internal quotation marks omitted); *Worthy v. Francis*, No. 3:02-CV-2102N, 2002 WL 31553847, at *2 (N.D. Tex. Nov. 14, 2002) (same); *Jones v. Conway*, No. Civ. A 9203883, 1992 WL 185578, at *1 (E.D. Pa. July 21, 1992) (same); *see also Houston v. Collerman*, No. 9:16-CV-1009, 2016 WL 6267968, at *11 (N.D.N.Y. Oct. 26, 2016) ("it is well-settled that a private citizen does not have a constitutional right to bring a criminal complaint against another individual"). Additionally, "[a] civil action does not permit a private party to enforce criminal statutes." *Bunch v.*

*Mollabshy*, No. 3:13-CV-1075-G-BH, 2014 WL 553167, at *2 (N.D. Tex. Feb. 12, 2014)

(citing *Florance v. Buchmeyer,* 500 F.Supp.2d 618, 626 (N.D. Tex. 2007)).

### E.  Allegations against a nonjural entity – the Aransas County Detention Center – should be dismissed.

In his complaint, Plaintiff includes the Aransas County Detention Center as a defendant.

(Doc. No. 1, p. 1.)  Plaintiff cannot sue a Texas county jail, as it is a nonjural entity and lacks the

capacity to be sued under § 1983.  *See Crawford v. Collin Cnty. Det. Facility*, No. 4:20-CV-668-

RAS-CAN, 2022 WL 4459855, at **2-3 (E.D. Tex. Aug. 18, 2022), *adopted*, 2022 WL 4449315

(E.D. Tex. Sept. 22, 2022) (county detention facility and sheriff's office do not have jural

existence and cannot be proper parties to a lawsuit).  Accordingly, the undersigned recommends

that Plaintiff's allegations against the Aransas County Detention Center be dismissed with

prejudice for failure to state a claim upon which relief may be granted, because this purported

defendant is a nonjural entity with no capacity to be sued.

Even if Plaintiff's claims against the detention center are not dismissed on this ground,

the undersigned nonetheless recommends dismissal of Plaintiff's claims with prejudice as

frivolous for failure to state a claim upon which relief may be granted, as discussed below.[10]  The

undersigned therefore does not recommend substituting a jural entity, such as Aransas County, as

a defendant in this case because substitution would be futile – Plaintiff fails to plausibly allege a

constitutional violation regardless of the identity of any defendant entity.  *Cf. Stanford v. U.S.*

*Dep't of Justice-Bureau of Alcohol, Firearms, and Explosives*, No. V-14-0040, 2014 WL

---

[10]  Plaintiff seeks monetary damages as part of his requested relief.  This request is assumed to include punitive damages.  Municipalities are immune from punitive damages under § 1983.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Moore v. LaSalle Mgmt. Co., L.L.C.*, 41 F.4th 493, 512-13 (5th Cir. 2022).

4537992, at *2 (S.D. Tex. Sept. 11, 2014) (Atlas, J.) (dismissing claim because amendment to substitute United States as defendant would be futile).

### F.  Plaintiff's § 1983 claim against Officer Cox in his individual capacity should be retained.  His claims relating to all other defendants should be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted.

Plaintiff contends that Officer Cox sexually assaulted him on two separate occasions in violation of the Fourteenth Amendment.  Plaintiff also alleges that Sheriff Mills, Chief Chapa, Lieutenant Martinez, and Corporal Ureas failed to respond to his letters and grievances relaying the details of his alleged sexual assaults.  Because of these letters and grievances, Plaintiff argues, the Aransas County Detention Center, Sheriff Mills, and Chief Chapa placed him into administrative segregation in an act of retaliation.  Finally, Plaintiff contends that the Aransas County Detention Center, Sheriff Mills, Chief Chapa, Lieutenant Martinez, and Corporal Ureas should be held responsible for their failure to investigate his sexual assault claims.

In applying liberal construction to Plaintiff's claims, the undersigned considers whether he sues jail staff members in their official capacities.  Any suit against these individuals, however, is merely another way of pleading an action against their municipal employer, Aransas County.  *See Garcia v. Dallas Police Dep't*, No. 3:13-CV-1261-B-BH, 2013 WL 5433502, at *5 (N.D. Tex. July 1, 2013), *supplemented*, No. 3:13-CV-1261-B-BH, 2013 WL 5433510 (N.D. Tex. July 29, 2013), *adopted*, No. 3:13-CV-1261-B, 2013 WL 5434165 (N.D. Tex. Sept. 27, 2013), and *adopted*, No. 3:13-CV-1261-B, 2013 WL 5434165 (N.D. Tex. Sept. 27, 2013) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)).

To lodge a viable claim of municipal liability, a plaintiff must allege an official policy or custom in relation to his claim.  *Webster*, 735 F.2d at 841.  As analyzed above, Plaintiff does not do so regarding any of his alleged claims.  Therefore, Plaintiff's claims against the defendants in

their official capacities should be dismissed with prejudice.  The undersigned next analyzes

Plaintiff's claims against each proper defendant in their individual capacity below.

### 1. *August 13 and August 22 sexual assault claims.*

Plaintiff alleges that Officer Cox sexually assaulted him on two separate occasions, August

13 and August 22, 2022, by touching Plaintiff on the anus and buttocks, using his hand and then a

clipboard, to wake Plaintiff up.  (Doc. No. 13, p. 1; Doc. No. 14, pp. 1-2.)

"[A]n inmate has a constitutional right to be secure in [his or] her bodily integrity and

free from attack by prison guards."  *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993).

"The Fifth Circuit has noted that while violent sexual assaults involving more than *de

minimis* force are actionable under the Eighth Amendment, *see Schwenk v. Hartford*, 204 F.3d

1187, 1196-97 (9th Cir. 2000), isolated, unwanted touchings by prison employees, though

despicable and, if true, they may potentially be the basis of state tort actions ... they do not

involve a harm of federal constitutional proportions as defined by the Supreme Court."  *Hayes v.

Kroll*, No. CV H-20-2572, 2021 WL 5494783, at *2 (S.D. Tex. Nov. 20, 2021), *appeal

dismissed*, No. 21-20659, 2022 WL 2070285 (5th Cir. Jan. 20, 2022) (internal quotation marks

and brackets omitted) (citing *Copeland v. Nunan*, 250 F.3d 743 (5th Cir. 2001) (quoting *Boddie

v. Schnieder,* 105 F.3d 857, 860-61 (2d Cir.1997)) (a single occasion of a guard placing his hand

in the crack of an inmate's buttocks or anus after a strip search did not arise to a constitutional

violation).  "District courts in the Fifth Circuit have consistently found that single, isolated acts

of sexual abuse do not rise to the level of an Eighth Amendment violation."  *Ben v. Brinks*, No.

EP-13-CV-00023-KC, 2014 WL 931796, at *2 (W.D. Tex. Feb. 13, 2014), *adopted*, No. EP-13-

CV-23-KC, 2014 WL 931432 (W.D. Tex. Mar. 10, 2014) (dismissing case under screening

where the plaintiff alleged guard awakened him one night by rubbing and touching his inner

thighs and buttocks).  For example, district courts in the Fifth Circuit have found that a prison employee's touching of an inmate's buttocks, *see Felan v. Fernandez*, Civ. A. No. SA-17-CV-880-XR, 2019 WL 3781443, at *3 (W.D. Tex. Aug. 12, 2019), a prison guard's fondling of an inmate in an inappropriate manner during a routine pat down, *see Allen v. Johnson*, 66 F. App'x 525, 2003 WL 21017401, at *1 (5th Cir. Apr. 15, 2003), and a prison guard's touching of an inmate's penis once, along with verbal harassment, *see Wright v. Thompson*, No. 3:09-CV-1544, 2010 WL 3282955, at *1 (W.D. La. Jun. 30, 2010), *rec. adopted*, 2010 WL 3282957 (W.D. La. Aug. 17, 2010), each did not arise to an Eighth Amendment constitutional violation.  *See also Buckley v. Dallas Cnty.,* No. 397–CV–1649BC, 2000 WL 502845, *5 (N.D. Tex. April 27, 2000).

Here, however, Plaintiff was a pretrial detainee at the time of the alleged incidents.  And the undersigned did not find similar case law in the Fifth Circuit relating to a violation of a pretrial detainee's Fourteenth Amendment rights to guide the undersigned's analysis.  *Lamas v. Hale Cnty.*, No. 5:20-CV-216-BQ, 2021 WL 4822840, at *1 (N.D. Tex. July 30, 2021), *adopted sub nom. Lamas v. Gonzales*, 2021 WL 4822498 (N.D. Tex. Oct. 15, 2021) (noting the Supreme Court and Fifth Circuit have not specified the appropriate standard for analyzing a claim of sexual assault by a guard against a pretrial detainee, therefore relying on analysis provided by the Tenth and Third circuits).  Accordingly, looking to sister circuits and one district court case from the Northern District of Texas, the undersigned finds that the excessive force framework is appropriate to analyze a claim of sexual assault by a guard or officer against a pretrial detainee. *See Lamas*, 2021 WL 4822840, at *2.  "To sufficiently state an excessive force claim, 'a pretrial detainee must show only that the force purposefully and knowingly used against him was objectively unreasonable.'"  *Id.* at *2 (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97

(2015)).  "*Any* force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in *de minimis* injuries only."  *Brown v. Lynch*, 524 F. App'x 69, 79 (5th Cir. 2013) (emphasis added) (footnote omitted).  "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'"  *Kingsley*, 576 U.S. at 397.  "[A]s long as a plaintiff has suffered 'some injury,' even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force."  *Brown*, 524 F. App'x at 79 (footnotes omitted) (quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)).

Plaintiff describes being poked in the anus and buttocks, first with a hand and then with a clipboard.  Plaintiff does not allege any physical injuries resulting from these incidents.  Even though Plaintiff apparently suffered (at most) insignificant physical injuries, Plaintiff has successfully alleged "some injury," including psychological injuries, enough to support an excessive force claim at the screening stage.  *See Brown*, 524 F. App'x at 79.  In addition, on the facts alleged, which must be taken as true for purposes of screening, the undersigned concludes that Officer Cox's alleged touching of Plaintiff was objectively unreasonable.  *Boddie,* 105 F.3d at 861 (there is no legitimate purpose to an officer's sexual abuse of a prisoner); c*f. Haddix v. Kerss*, 203 F. App'x 551, 554 (5th Cir. 2006) (officer awakened the pretrial detainee plaintiff by slapping his feet and kicking him in the ankle; court found this force was not objectively unreasonable).  Therefore, accepting Plaintiff's allegations as true, the Court finds that he states an excessive force claim under the due process clause of the Fourteenth Amendment against Officer Cox, in his individual capacity, for the two alleged sexual assaults.  The undersigned recommends that this claim be retained.  The undersigned will order service of process regarding this claim.

16 / 22

### 2. *Failure to respond to grievances and mail.*

Plaintiff alleges that he submitted multiple letters and grievances to Sheriff Mills, Chief Chapa, Lieutenant Martinez, and Corporal Ureas. Liberally construed, the undersigned concludes that Plaintiff is attempting to assert due process claims against Sheriff Mills, Chief Chapa, Lieutenant Martinez, and Corporal Ureas regarding their failure to address his informal letters and grievances to his satisfaction.

Plaintiff's allegations, even accepted as true, fail to suggest that any of these defendants had had any personal involvement in connection with Plaintiff's complaints of sexual assault. These defendants' receipt of informal letter complaints or grievances is not sufficient to establish their involvement in the allegedly offending conduct itself. *Keys v. United States*, No. 3:17-CV-2940-N-BH, 2020 WL 2753143, at *4 (N.D. Tex. Apr. 20, 2020), *adopted*, 2020 WL 2745604 (N.D. Tex. May 27, 2020) ("Although he claims he submitted grievances to Warden regarding his inadequate dental care and waitlist status, a failure to respond to a letter or grievance does not rise to the required level of personal involvement for liability."); *Murphy v. Andrews*, No. 6:10CV508, 2011 WL 13152301, at *3 (E.D. Tex. Apr. 1, 2011), *adopted*, 2011 WL 13152302 (E.D. Tex. May 6, 2011) (holding that an inmate's claim that "he sent letters and I-60's to the warden's office and that the warden did not take such action as [the plaintiff] deemed appropriate" was "not sufficient to support a claim for Section 1983 liability").

A prisoner does not have a constitutional right to a grievance procedure at all. *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (citing *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)). And a prisoner certainly does not have any federally protected liberty interest in having grievances resolved to his or her satisfaction. *See Geiger*, 404 F.3d at 374 (because "[plaintiff] does not have a federally protected liberty interest in having [his] grievances resolved

to his satisfaction . . . any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.").  Plaintiff, therefore, fails to state any constitutional claim against Sheriff Mills, Chief Chapa, Lieutenant Martinez, or Corporal Ureas regarding their respective alleged failures to resolve Plaintiff's grievances and informal complaints in his favor.

Accordingly, the undersigned recommends that Plaintiff's due process claims against Sheriff Mills, Chief Chapa, Lieutenant Martinez, and Corporal Ureas be dismissed with prejudice as frivolous or for failure to state a claim for relief upon which relief may be granted.

### 3. Failure to intervene.

Plaintiff's "failure to intervene" allegations do not support any claim for relief.  Plaintiff has not included, and does not seek to add, Officer Smith or Officer Mendoza as defendants. Further, even if Plaintiff had added these individuals to this lawsuit, he did not allege sufficient facts to state a claim for failure to intervene.

To state a claim in this context, Plaintiff "must allege sufficient facts showing that an officer knew that a fellow officer was violating the prisoner's constitutional rights; the officer had a reasonable opportunity to prevent the harm; and the officer chose not to act." *Cardona v. Taylor*, 828 F. App'x 198, 202–03 (5th Cir. 2020) (citing *Kitchen v. Dallas Cnty.*, 759 F.3d 468, 480 (5th Cir. 2014), *abrogated on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389 (2015)).  Plaintiff does not allege that Officer Smith or Officer Mendoza had reasonable opportunity to prevent the act and chose not to act, and Plaintiff's allegations are threadbare and conclusory.  These claims should be dismissed with prejudice for failure to state a claim upon which relief may be granted.[11]

---

[11]  Plaintiff states that "Landon Rank" also failed to intervene.  (Doc. No 14, p. 2.)  If Landon Rank is another

### 4. *Retaliation.*

Liberally construed, Plaintiff claims he was retaliated against by the Aransas County Detention Center, Sheriff Mills, and Chief Chapa for writing grievances.  (Doc. No.13, p. 2; Doc. No. 14, pp. 4, 6.)

"Retaliation" is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights.  *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972).  Retaliation is actionable "only if the retaliatory act 'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'"  *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)).

"A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct."  *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).  "Filing grievances and otherwise complaining about the conduct of correctional officers through proper channels are constitutionally protected activities, and prison officials may not retaliate against inmates for engaging in such protected activities."  *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009) (citing *Morris*, 449 F.3d at 684).

The Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts."  *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010) (citing *Woods*, 60 F.3d at 1166).  In addition, the Fifth Circuit has concluded that some acts, even though they may be motivated by retaliatory intent, are so *de*

---

inmate, as the Court suspects, then Plaintiff fails to establish a viable claim with regard to him, because § 1983 applies only to acts committed by state actors, not by fellow inmates.

*minimis* that they would not deter the ordinary person from further exercise of his rights.  *Morris*, 449 F.3d at 686.  Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim.  *Id.*

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  *Jones v. Greninger*, 188 F.3d at 324–25 (citing *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998)).  Mere assertions of a plaintiff's personal belief that he is the victim of retaliation or conclusory allegations do not create a valid claim for relief.  *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997); *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).  The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred. *Woods,* 60 F.3d at 1166.  On the element of causation, a successful claim of retaliation requires a showing that, but for some retaliatory motive, the complained-of adverse incident would not have occurred.  *Id.*

As mentioned previously, Plaintiff cannot successfully sue a nonjural entity such as the Aransas County Detention Center.  Further, Plaintiff offers only threadbare and conclusory statements offering his personal belief that he is a victim of what he perceives to be retaliation. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Johnson,* 110 F.3d at 310.  Simply put, Plaintiff offers no factual allegation that could plausibly support a finding of retaliatory intent or causation.  In fact, Plaintiff does not even provide a timeline of events, only briefly stating "Placing me in ad-seg about my P.R.E.A. claims" after describing the alleged gross negligence of Sheriff Mills for ignoring his letters and grievances, and that generally, writing letters "got him put into ad-seg."  (Doc. No. 14, p. 3; Doc. No. 13, p. 2.)  In addition, although Plaintiff

claims that his September 1 grievance is ultimately the one that resulted in his placement into segregation, *see* Doc. No. 13, p. 2, he submitted that grievance weeks after the two alleged sexual assault incidents, and fails to explain why or how that particular grievance, rather than any of the other more than 15 letters and grievances, caused Plaintiff's placement in segregation. Another conclusory allegation is Plaintiff's statement that "Putting me in D-7 [administrative segregation] proves my request & grievance was read by sgts, lts, chiefs, & sheriff." (Doc. No. 13, p. 2.) Plaintiff offers no facts supporting his contention that he was placed into administrative segregation because he submitted grievances; even a liberal construction of his allegations suggests only that Plaintiff filed grievances and was at some later time placed into administrative segregation. In sum, Plaintiff's claims are threadbare and frivolous, and should be dismissed.

### 5. *Failure to investigate.*

Plaintiff complains that Sheriff Mills, Chief Chapa, Lieutenant Martinez, and Corporal Ureas did not take action against Officer Cox. (Doc. No. 13, p. 8; Doc. No. 14, pp. 7-8 (requesting Sheriff Mills, Chief Chapa, Lieutenant Martinez, and Corporal Ureas be prosecuted for their failure to investigate his sexual assault claim).) These allegations could only constitute a viable claim if Plaintiff had identified "some constitutional right to have his alleged attacker investigated, prosecuted, or otherwise disciplined." *Grizzle v. McCollum*, No. 6:21CV447, 2023 WL 2396914, at *2 (E.D. Tex. Jan. 18, 2023), *adopted*, No. 6:21-CV-447-JDK-KNM, 2023 WL 2390669 (E.D. Tex. Mar. 6, 2023). Plaintiff does not, because no such right exists. *Id.* ("Citizens do not have any constitutional right to have another individual investigated, disciplined or prosecuted.") (citations omitted). Therefore, Plaintiff's claim regarding these

defendants' failure to facilitate discipline or prosecute Officer Cox should be dismissed with prejudice as frivolous.

### G. Conclusion and recommendation.

For the foregoing reasons, the undersigned recommends that Plaintiff's § 1983 claim against Officer Cox in his individual capacity be RETAINED, and that Plaintiff's § 1983 claims relating to all other defendants be DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. The undersigned will order service of process with regard to the claim against Officer Cox.

### H. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on March 20, 2023.

MITCHEL NEUROCK
United States Magistrate Judge

22 / 22